UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESSIE ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-26-94-R |
| | ) |
| SERGIO JIMENEZ, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Plaintiff, proceeding pro se, has filed a Complaint alleging that "Defendant had ex parte communication with certain individuals" and "conspired with other in violation of due process." No other allegations are included.

Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This Rule "serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). The standard articulated by Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting the *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Thus, to meet Rule 8's standard, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This typically requires a complaint to "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). The allegations must, at a minimum, provide "the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits." *Id*. Additionally, Rule 8(d) requires "[e]ach allegation must be simple, concise, and direct."

Here, Plaintiff's allegations are too conclusory to state a plausible claim or give defendant fair notice. The Court therefore strikes Plaintiff's Complaint for failure to comply with Federal Rule of Civil Procedure 8.

Plaintiff may cure the deficiencies by filing an amended complaint by February 12, 2026. The amended complaint must follow the general rules of pleading set out in Federal Rule of Civil Procedure 8 and be a short and plain statement that is in a reasonable and manageable format, provides the basis for the Court's jurisdiction, contains all of Plaintiff's allegations, names all defendants, and identifies the specific relief Plaintiff seeks. A failure to file an amended complaint by this deadline or otherwise comply with this order will result in dismissal of this action without prejudice.

IT IS SO ORDERED this 22nd day of January, 2026.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE